UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LUDY B. BELLARD | CIVIL ACTION NO. 09-cv-1603 |
| VERSUS | JUDGE DOHERTY |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE HANNA |

## RULING ON PETITION FOR ATTORNEYS' FEES

Before this Court is a petition for attorneys' fees filed by the appellant, Ludy B. Bellard, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Rec. Docs. 27, 27-1). Ms. Bellard maintains that she is the prevailing party in this litigation, and she seeks to recover attorneys' fees in the amount of $7,108.50 (representing 10.5 hours of attorney time at the hourly rate of $150.00 and 65.1 hours of paralegal time at the rate of $85.00 per hour). The Commissioner opposes any award, arguing that Ms. Bellard has not established that the Commissioner's position was not substantially justified. For the reasons set forth below, the undersigned finds that Ms. Bellard's motion should be granted but not in the amount that she requested.

## BACKGROUND INFORMATION

On November 13, 2006, at the age of 49, Ms. Bellard applied for a period of disability and/or for all Social Security insurance benefits to which she might be entitled,[1] claiming that she became disabled on October 6, 2005 due to back, neck, and leg injuries.[2] Following an unfavorable administrative determination, Ms. Bellard requested a hearing.[3] A hearing was held before an administrative law judge ("ALJ") on May 16, 2008.[4]

On September 23, 2008,[5] the ALJ rendered an unfavorable decision, finding that Bellard is not disabled under the Social Security Act.[6] Ms. Bellard requested that the Appeals Council review the ALJ's decision.[7] She also provided the Appeals Council with additional materials concerning her alleged mental impairment.[8]

---

[1]      Rec. Doc. 7-6 at 2-4.

[2]      Rec. Doc. 7-6 at 2, Rec. Doc. 7-7 at 104.

[3]      Rec. Doc. 7-5 at 6.

[4]      Rec. Doc. 7-3 at 45-63.

[5]      Rec. Doc. 7-3 at 20-34.

[6]      Rec. Doc. 7-3 at 34.

[7]      Rec. Doc. 7-3 at 5-6, 14-18.

[8]      Rec. Doc. 7-3 at 7-13.

On July 9, 2009, the Appeals Council notified Ms. Bellard that it had considered the additional materials provided but determined that there was no basis for changing the ALJ's decision.[9] This lawsuit was filed on September 11, 2009.[10]

On December 7, 2010, the undersigned magistrate judge recommended that the Commissioner's decision be affirmed and this matter be dismissed with prejudice.[11] Ms. Bellard objected to the undersigned's report and recommendation.[12] After review, the district judge sustained Ms. Bellard's objections, reversed the ALJ's decision, and remanded this matter to the Commissioner for reconsideration of the additional materials provided to the Appeals Council after the hearing. In particular, the district judge ordered the Commissioner to (1) consider whether the additional evidence that was submitted to the Appeals Council after the hearing, including Dr. McManus's November 5, 2008 report, changes the determination that Ms. Bellard is not disabled; and (2) consider whether the previous assessment of Ms. Bellard's residual functional capacity and resulting conclusion that Ms. Bellard can perform

---

[9] Rec. Doc. 7-3 at 3.

[10] Rec. Doc. 1.

[11] Rec. Doc. 20.

[12] Rec. Doc. 21-2.

certain jobs is altered in light of the new evidence.[13]  The Commissioner did not appeal.  Ms. Bellard now seeks an award of attorneys' fees.

## ANALYSIS

**A.    THE AWARD OF ATTORNEY FEES PURSUANT TO THE EAJA.**

A party is entitled to recover attorneys' fees pursuant to the EAJA if four requirements are met:  (1) she is the prevailing party, (2) she files a timely fee application, (3) the position of the government was not substantially justified, and (4) no special circumstances make an award unjust.[14]

**1.    MS. BELLARD WAS THE PREVAILING PARTY.**

The Fifth Circuit has explained that "[a] party prevails by succeeding on 'any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"[15]  In particular, a party who obtains a remand of a Social Security

---

[13]    Rec. Doc. 22 at 12.

[14]    28 U.S.C. § 2412(d)(1); *Squires-Allman v. Callahan*, 117 F.3d 918, 920 n. 1 (5th Cir. 1997); *Milton v. Shalala*, 17 F.3d 812, 813 n. 1 (5th Cir. 1994).

[15]    *Squires-Allman v. Callahan*, 117 F.3d at 920, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.[16]

In this action, Ms. Bellard challenged the ALJ's decision because it was contrary to the law and regulations and not supported by substantial evidence.[17] She requested that the Court reverse the decision, remand the case to the ALJ, or order such other relief deemed appropriate.[18] Although the magistrate judge recommended that the ALJ's decision be affirmed, the district judge reversed the ALJ's decision and remanded the case for further consideration.[19] This satisfied Ms. Bellard's objective in bringing her action, and it is a remand under the fourth sentence of § 405(g).

Ms. Bellard succeeded in having her claim remanded to the Commissioner for reconsideration, and the Commissioner does not argue that she was not the prevailing party. Accordingly, the undersigned finds that Ms. Bellard is a prevailing party within the meaning of the EAJA.

---

[16] *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1325 (5th Cir. 1994), citing *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

[17] Rec. Doc. 1 at 2.

[18] Rec. Doc. 1 at 2.

[19] Rec. Docs. 23, 24.

## 2. PLAINTIFF FILED A TIMELY FEE APPLICATION.

A prevailing party must submit an application for fees and expenses "within thirty days of final judgment in the action."[20] For purposes of the EAJA, final judgment is defined as "a judgment that is final and not appealable...."[21]

The EAJA's thirty-day time limit runs from the end of the period for appeal.[22] When the Commissioner does not file an appeal within the sixty-day period for appeal, as in this case, an applicant seeking fees pursuant to the EAJA has thirty days after the sixty-day period for appeal has run to submit her application.[23]

In this case, a final judgment was entered on January 3, 2011. Because the Commissioner did not file a notice of appeal, the fee request was due by April 3, 2011. Ms. Bellard's petition was filed on April 1, 2011,[24] and the Commissioner does not argue that the petition is untimely. Therefore, the undersigned finds that Ms. Bellard's petition for an award of attorneys' fees is timely.

---

[20] 28 U.S.C. § 2412(d)(1)(B).

[21] 28 U.S.C. § 2412(d)(2)(G).

[22] See *Shalala v. Schaefer*, 509 U.S. at 298.

[23] 28 U.S.C. § 2412(d)(1)(B).

[24] Rec. Doc. 27.

3. **THE COMMISSIONER'S OPINION WAS NOT SUBSTANTIALLY JUSTIFIED.**

In order for Ms. Bellard to recover attorneys' fees, the Commissioner's position in denying her benefits must not have been "substantially justified."[25] "The standard for determining whether the government's position is substantially justified is whether the position is 'justified to a degree that could satisfy a reasonable person.'"[26]

The Commissioner argues that because the magistrate judge's decision was favorable to the Commissioner, despite its being overturned by the district judge, there is a legitimate difference of opinion as to whether Ms. Bellard is disabled, exemplified by the contrasting opinions of the magistrate judge and the district judge. The Commissioner contends that this supports a conclusion that the Commissioner's position was reasonable and therefore substantially justified.

The Fifth Circuit, however, has "explicitly rejected the argument that [its] interpretation of the law on appeal was dispositive on the issue of whether the Government was substantially justified."[27] In other words, reversal of another court's decision on appeal does not determine whether the position taken by the

---

[25] See 28 U.S.C. § 2412(d)(1)(A).

[26] *Hernandez v. Barnhart*, 202 Fed. App'x 681, 682 (5th Cir. 2006), citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[27] *Davidson v. Veneman*, 317 F.3d 503, 507 n. 2 (5th Cir. 2003), citing *Spawn v. W. Bank-Westheimer*, 989 F.2d 830, 840 (5th Cir. 1993).

Commissioner in earlier stages of the litigation was or was not reasonable. Whether "the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."[28] The fact that one court agreed or disagreed with the Commissioner does not establish that the Commissioner's position was or was not substantially justified, since it is conceivable that the Government could take a position that is not substantially justified and win or take a position that is substantially justified and lose.[29] Several appellate courts have awarded attorney fees despite the fact that another court had agreed with the Commissioner.[30] Therefore, "the fact that the United States Magistrate Judge agreed with the Commissioner is not enough to show that the Commissioner's position was substantially justified."[31]

Additionally, as the Fifth Circuit has noted, although "a finding that the ALJ's decision is unsupported by substantial evidence does not automatically mandate an

---

[28] 28 U.S.C § 2412(d)(1)(B).

[29] *Pierce v. Underwood*, 487 U.S. 552, 569 (1998).

[30] See, e.g., *Howard v. Barnhart*, 376 F.3d 551, 552 (6th Cir. 2004); see also *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

[31] *Daniels v. Astrue* 2008 WL 4137982, *2 (N.D. Tex. 2008)

award of attorney fees under the EAJA," if the case "lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, the absence of support for the [Commissioner's] decision is at once an absence of justification for [his] position."[32] In this case, the district judge remanded the case in order to assure that evidence presented to the Appeals Council after the hearing was accorded adequate consideration in accordance with the Appeals Council's internal policies and procedures. Thus, there is an issue as to whether the decision that Ms. Bellard is not disabled was or was not supported by the evidence in the record. Consequently, the Commissioner's position was not substantially justified.

There also is jurisprudential support for the proposition that "the position of the United States is not substantially justified where the ALJ failed to reasonably incorporate a claimant's disabilities in a hypothetical question to a vocational expert."[33] In this case, Ms. Bellard claims that the hypothetical presented to the vocational expert at the hearing was flawed because it did not incorporate all of the limitations set forth in the additional materials to be reconsidered on remand. This

---

[32] *Baker v. Bowen*, 839 F.2d 1075, 1081 (5th Cir. 1988), citing *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986).

[33] *Hardy v. Callahan*, 1997 WL 470355, *6 (E.D. Tex. 1997), citing *Stewart v. Sullivan*, 810 F.Supp. 1102, 1106 (D.Haw. 1993); *Phillips v. Heckler*, 574 F.Supp. 870, 872 (W.D.N.C. 1983); *Hills v. Secretary of HHS*, 726 F.Supp. 434, 436 (E.D.N.Y.1989).

affords additional support to the conclusion that the Commissioner's position was not substantially justified.

The burden is on the government to prove that its position was substantially justified.[34] Here, however, the district judge found that it was necessary for the ALJ to reconsider certain evidence to determine whether it affects the ultimate decision of whether Ms. Bellard was not disabled. The Commissioner did not address this in response to Ms. Bellard's fee application but relied instead on the fact that the district judge's ruling rejected an earlier recommendation that the Commissioner's position be adopted. The undersigned finds that the Commissioner failed to prove that its position in this case was substantially justified.

### 4. THERE ARE NO SPECIAL CIRCUMSTANCES.

The EAJA disqualifies an applicant from an award of attorneys' fees if there are special circumstances making an award unjust.[35] It is the government's burden to prove that such special circumstances exist.[36] Other than arguing that the Commissioner's position was substantially justified, the Commissioner does not

---

[34] *Baker v. Bowen*, 839 F.2d at 1080.

[35] 28 U.S.C. § 2412(d)(1)(A).

[36] *Baker v. Bowen*, 839 F.2d at 1080.

object to plaintiff's motion for attorneys' fees and, more particularly, does not articulate any special circumstances that would make an award of fees unjust in this case.

The undersigned finds that Ms. Bellard has shown that (1) she is the prevailing party, (2) the EAJA application was timely filed, (3) the Commissioner's denial of benefits was not substantially justified, and (4) there are no special circumstances that would render the award of attorney fees unjust. Therefore, the undersigned finds that Ms. Bellard's petition for attorneys' fees is properly maintained pursuant to the EAJA.

**B.    THE REASONABLENESS OF THE CLAIMED ATTORNEYS' FEES.**

The EAJA permits recovery of reasonable attorneys' fees based on prevailing market rates.[37] As a general rule, "in determining the amount of attorneys' fees, the district court enjoys discretion."[38] Therefore, the undersigned must determine whether the hours claimed by Ms. Bellard's attorney and paralegal are reasonable and whether their hourly billing rates are consistent with the prevailing market rates.

According to the fee application, Ms. Bellard's counsel spent a total of 10.50 hours working on her case at the rate of $150.00 per hour, for a total of $1,575.00.

---

[37]    28 U.S.C. § 2412(d)(2)(A).

[38]    *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992).

This time was largely spent consulting with the paralegal working on the case and supervising the paralegal's work. Ms. Bellard also claims that her attorney's paralegal spent 65.1 hours working on the file. She seeks to recover for the paralegal's time at the rate of $85 per hour, or another $5,533.50. The paralegal's time was spent advancing Ms. Bellard's appeal by researching the relevant issues, preparing the original brief, and articulating objections to the magistrate judge's ruling. A favorable result was obtained, and the hours submitted by Ms. Bellard's counsel furthered her case. Accordingly, the undersigned finds that the hours spent on this case by Ms. Bellard's attorney and the attorney's paralegal are reasonable. The undersigned further finds that Ms. Bellard's attorney should be compensated at the hourly rate of $150 per hour, which is the prevailing rate in this district.[39]

Ms. Bellard seeks to recover $85 per hour with regard to the paralegal's work. Paralegal fees may be recovered at prevailing market rates.[40] Ms. Bellard argues that the work performed by paralegal Anthony Mitchell is "unparalleled within the

---

[39] In *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $150 for attorney work performed in 2008 and beyond. See *Williams v. Astrue*, 2009 WL 703288 (W.D. La. Feb. 26, 2009) (report and recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (order denying reconsideration); 2009 WL 824527 (W.D. La. Mar. 23, 2009) (judgment).

[40] *Watson v. Commissioner of Social Sec.*, 2009 WL 890632, *1 (W.D. La. 2009), citing *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

Western District of Louisiana"[41] and superior to that performed by other paralegals "for which the market rate for paralegal services has been set."[42] In essence, Ms. Bellard argues that this particular paralegal's exceptional experience in Social Security work justifies a high hourly rate. While Mr. Mitchell may have exceptional experience in the realm of Social Security claims, the prevailing rate for paralegal services in Social Security cases in the Western District of Louisiana currently is $65 per hour.[43] Another of Mr. Mitchell's clients was permitted to recover for his efforts at the rate of $75 per hour when the Commissioner argued that the prevailing rate for paralegal services was in the $60 to $80 range.[44] No evidence has been presented establishing that the prevailing rate for paralegals has increased or that compensation for paralegal services is permitted under the EAJA on any basis other than in accordance with the prevailing market rate. Accordingly, Ms. Bellard will be permitted to recover for Mr. Mitchell's services at the rate of $75 per hour.

---

[41] Rec. Doc. 27-2 at 3.

[42] Rec. Doc. 27-2 at 3.

[43] See, e.g, *Owens v. Astrue*, 2010 WL 1936112 (W.D. La. 2010); *Henry v. Astrue*, 2009 WL 3568620 (W.D. La. 2009); *Watson v. Commissioner of Social Sec.*, 2009 WL 890632 (W.D. La. 2009); *Parsons v. Astrue*, 2008 WL 5480786 (W.D. La. 2008); *Ingram v. Astrue*, 2008 WL 4163099 (W.D. La. 2008).

[44] *Vanderbilt v. Astrue*, No. 09-441 (W.D. La. 2011).

## Conclusion

The undersigned finds that Ms. Bellard is entitled to an award of attorneys' fees pursuant to the EAJA because she is the prevailing party, her fee request was timely, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust. The undersigned further finds that 10.5 hours of work by Ms. Bellard's attorney and 65.1 hours of work by the attorney's paralegal were reasonable and necessary, and that the prevailing market rate for attorneys representing clients seeking Social Security awards is $150 per hour while the prevailing market rate for paralegals is $60 to $80 per hour. Accordingly,

For the foregoing reasons,

**IT IS ORDERED** that the petition for attorneys' fees is **GRANTED** in the full amount of $6,457.50.00, representing 10.5 hours of attorney time at the rate of $150 per hour and 65.1 hours of paralegal time at the rate of $75 per hour.

**IT IS FURTHER ORDERED** that the sum of $6,457.50 is awarded to Ms. Bellard as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check payable to Ludy B. Bellard in the amount of $6,457.50 pursuant

to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana, this 16th day of May 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)